IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D'ANDRE R. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 23-cv-55-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Petitioner D'Andre R. Brown's Motion filed pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1). For the following reasons, Brown's motion is **DENIED**.

### Factual and Procedural Background

Brown was indicted on February 21, 2018, for bank robbery (Count 1-5) and transportation of a stolen vehicle (Count 6). *See United States v. Brown*, 18-cr-30028-SMY at Doc. 11. He pleaded guilty and was sentenced on February 26, 2019, to 240 months' imprisonment and 3 years of supervised release. Judgment was entered on February 28, 2019; Brown not take a direct appeal. Brown filed this action under 28 U.S.C. § 2255 on January 10, 2023, seeking collateral review of his sentence and asserting ineffective assistance of counsel, due process violation, jurisdictional errors, and plain errors/structural errors.

### Discussion

Section 2255(f) imposes a 1-year period of limitations for the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on

February 28, 2019, and Brown did not appeal his conviction. Thus, the Judgment became final 14 days after it was entered, and the deadline to file a notice of appeal expired. 28 U.S.C. § 2255(f)(1); Fed.R.App.P. 4(b)(1)(A). As such, Brown's § 2255 motion, filed on January 10, 2023, is clearly untimely. Brown asserts that his motion should not be barred "Because I have a year from the day I found newly discovered evidence to bring it to the courts attention. I filed my first motion on May 2, 2022, so I have a year from that date." (Doc. 1 at p. 13).

Brown clearly misunderstands the limitations period for habeas petitions. The § 2255 limitation period is procedural and can be equitably tolled only if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999). "Equitable tolling is an extraordinary remedy" and "is rarely granted." *Id*.

Here, Brown's petition was not filed within 1-year of the date on which the judgment of conviction became final. The statute does not provide for tolling until 1-year from the date newly discovered evidence is discovered. And Brown's May 2, 2022 "Chief Judge Complaint" in no way impacts the date on which his judgment of conviction became final. Additionally, Brown has shown neither that he diligently pursued his rights nor that some extraordinary circumstance prevented him from timely filing his habeas petition.

Accordingly, Brown's Petition (Doc. 1) is **DENIED**. The motions for status (Docs. 2, 3) are **TERMINATED AS MOOT**. This action is **DISMISSED with prejudice** and judgment shall enter accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first obtain a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only

if he can make a substantial showing of the denial of a constitutional right.  *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014).  This requires a finding that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Brown has not demonstrated that reasonable jurists would disagree as to the Court's timeliness determination.  Therefore, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED:  June 4, 2024**

**STACI M. YANDLE**
**United States District Judge**